IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEW MEXICO

UNITED STATES OF AMERICA,

    *Plaintiff,*

vs.                                                                                                    Civil No. 12-634

2005 NISSAN TITAN XE
VIN:1N6AA07B65N548486,

SAVAGE MODEL STEVENS 84C .22 CAL RIFLE
NO SERIAL NUMBER,

SMITH & WESSON MODEL SW40V .40 CAL PISTOL
SERIAL NUMBER: PAZ7332,

    *Defendants,*

and

ROY MADRID,

    *Claimant.*

### VERIFIED COMPLAINT FOR FORFEITURE *IN REM*

Plaintiff states:

#### JURISDICTION AND VENUE

1.     This is a civil action *in rem* for forfeiture of Defendants which have been located and will be arrested by execution of a Warrant for Arrest in the District of New Mexico; and during the pendency of this action Defendant, or its equivalent or proceeds thereof, will be subject to the jurisdiction of this Court.

2.     The United States District Court for the District of New Mexico has exclusive, original jurisdiction under 28 U.S.C. §§ 1345, 1355 and 1356.

3.     Venue is proper under 28 U.S.C. §§ 1355 and 1395.

4. The "res" or Defendant Property which are the subject of this action and are as follows:

    a. 2005 Nissan Titan XE VIN: 1N6AA07B65N548486,
    b. Savage Model Stevens 84C .22 Cal Rifle No Serial Number, and
    c. Smith & Wesson Model SW40V .40 Cal Pistol Serial Number: PAZ7332,

(hereafter collectively referred to as "Defendant Property").

## PARTIES AND CLAIMANTS

5. The following persons may claim an interest in Defendant Property:

    (a). Roy Madrid a/k/a Roy Manuel Madrid at 9312 Vista Del Villa, Albuquerque, NM 87121, and /or 11216 King Rail Road SW, Albuquerque, NM 87121, and/or 908 Sunbird Road SW, Albuquerque, NM 87121, and/or 16 Nancy Street, Los Lunas, NM 87031, whose attorney is Charles E. Knoblauch, Esq., 1412 Lomas Blvd NW, Albuquerque, NM 87104;

    (b). Ruben Bustillos, 11216 King Rail Road SW, Albuquerque, NM 87121

    (c). Joshua M. Tornberg, 26065 North 68th Drive, Peoria, AZ 85383; and

    (d). Karla Mendoza, 11216 King Rail Road SW, Albuquerque, NM 87121.

## STATEMENT OF FACTS

6. In 2009, Drug Enforcement Administration (DEA) Agents received information regarding Homero Varela's drug trafficking activities. Varela was trafficking multi-kilograms of drugs, including marijuana and cocaine, in the Albuquerque area. Varela's direct source of supply of drugs was based in the Republic of Mexico. Varela used his business enterprise to launder the proceeds from his drug sales. Members of Varela's drug trafficking organization (DTO) were involved in the horse racing industry and utilized horse trailers to smuggle their drugs and conceal or invest the proceeds from their drug sales. Varela at one time also owned an

all-terrain vehicle (ATV) retail store.

7. The Varela DTO utilized proceeds from drug sales to acquire other assets, including motor vehicles and firearms. Persons in the narcotics trade use weapons or firearms and ammunition to protect their ill-gotten goods. Weapons or firearms are also used to protect drugs and persons from others including law enforcement officials who threaten their drug trade.

8. On January 24, 2102, a Grand Jury in the District of New Mexico indicted Varela, Roy Madrid, and others, on charges of Conspiracy to Distribute Controlled Substances and Conspiracy to Launder Money in *United States v. Homero Varela, et.al*, Criminal No. 12cr128 JB.

9. On January 26, 2012, DEA Agents and other federal, state, and local law enforcement agencies executed ten search warrants in the Albuquerque area on residences associated with Varela's DTO. One such residence was at 11216 King Rail Road, SW, Albuquerque, NM, which is associated with Ruben Bustillos and Madrid.

10. The firearms listed above were located at 11216 King Rail Road, SW, Albuquerque, NM, and seized on January 26, 2012.

11. Also found during the search of 11216 King Rail Road, SW, Albuquerque, NM, were the following:

    a. one Remington Model 700 rifle, .22-250 caliber (SN: C6707813) in a gun case located underneath a bed in a bedroom;
    b. one Savage Model 99E rifle, .308 caliber (SN: 0125528) in a gun case located underneath a bed in a bedroom;
    c. one Springfield Model 84c rifle, .22 caliber (no visible serial number) located in a bedroom closet;
    d. two cellular telephones next to a bed in a bedroom;
    e. one box of Winchester Smith and Wesson 40 caliber ammunition located in a bedroom closet;
    f. one black wallet belonging to Roy Madrid with various cards and IDs located in a bedroom closet;
    g. one Ruger Model SR40 handgun (SN: 342-24029) located in a dresser drawer in a bedroom;

  h. one Interarms .38 Special handgun (SN: AAA498396) located on top of a dresser in a bedroom;
  i. one black holster, two silver magazines and 16 40 caliber rounds in a bedroom closet;
  j. one black magazine with 9 40 caliber rounds in a bedroom;
  k. one can of "Red Bull" (with hidden compartment) located in a bedroom;
  l. one box with various types of packaging baggies located in a dresser drawer in a bedroom;
  m. one digital scale located on top of a medicine cabinet in a bathroom, and near it was a silver canister containing approximately one ounce of suspected cocaine;
  n. one black Dodge Charger bearing AZ plate ATR7450 registered to Ruben Bustillos, located in front of the residence.

12. The Defendant Vehicle was seized on January 26, 2012, from in front of the King Rail Road location. It was registered to Roy Madrid.

13. During post-arrest statements, both Bustillos and Madrid admitted their involvement in drug trafficking.

14. Madrid was intercepted during wiretaps in connection with this investigation.

15. Madrid assisted the Varela DTO by facilitating cash smuggling and as a drug trafficker and broker for the Mexican Sources of Supply.

16. On July 21, 2011, Agents conducted surveillance and observed Varela meet Madrid, who was driving the Defendant Vehicle, at a convenience store at Sage and 98th Streets in Albuquerque, New Mexico, to distribute an undetermined amount of drugs to Madrid, which agents believe Madrid planned to resell. During a subsequent intercepted conversation following the meeting, Madrid indicated to Varela that Madrid in turn used some of the drugs and distributed the rest to an unidentified buyer.

17. On July 22, 2011, per a wiretap interception and post-arrest admission of Roy Madrid, Madrid coordinated the collection of a drug debt from Varela to be transported to the Sources of Supply based in the Republic of Mexico.

18. Per intercepted calls 350 and 366, Madrid asked Varela if he was "ready with that". Varela told Madrid to come over, and at approximately 9:08 pm, Madrid arrived at 2510 Garner Rd SW, Albuquerque, NM (Varela's residence) in the Defendant Vehicle.

19. On September 30, 2011, agents on surveillance observed Madrid, who was driving the Defendant Vehicle, meet with another male subject and conduct what agents believe was a drug transaction in exchange for money.

20. During a post-arrest statement, Bustillos admitted trading guns for drugs.

21. Roy Madrid has a criminal but no drug history.

22. It is believed Joshua Tornberg purchased the Defendant Smith & Wesson firearm listed above.

23. Joshua Tornberg has a criminal and drug history.

24. Joshua Tornberg has no employment history.

## CLAIMS FOR RELIEF

25. Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(4) because it was used, or intended for use, to transport, or in any manner to facilitate the transportation, sale, receipt, possession or concealment of illegal controlled substances.

26. Defendant Vehicle is subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(6) because it was furnished, or intended to be furnished, in exchange for an illegal controlled substance, or constitute proceeds traceable to such an exchange, or was used or intended to be used to facilitate a violation of the Controlled Substances Act.

27. Defendant Firearms are subject to arrest and forfeiture to Plaintiff under 21 U.S.C. § 881(a)(11) because they were used or intended to be used to facilitate the transportation, sale, receipt, possession, or concealment of illegal controlled substances and any proceeds traceable to

such property.

28.  Defendant Firearms are subject to arrest and forfeiture to plaintiff under 18 U.S.C. § 924(d)(1) because the property was involved in or knowingly used in violation of 18 U.S.C. § 922(g).

WHEREFORE, Plaintiff seeks arrest of Defendant Property and forfeiture of same to Plaintiff, determination of the validity and priority of claims of the Claimants and any Unknown Claimants to the Defendant Property, costs and expenses of seizure and of this proceeding, and other proper relief.

Respectfully submitted,

KENNETH J. GONZALES
UNITED STATES ATTORNEY

*(signature)*

STEPHEN R. KOTZ
CYNTHIA L. WEISMAN
Assistant U.S. Attorneys
P. O. Box 607
Albuquerque, New Mexico 87103

## 28 U.S.C. § 1746 DECLARATION

I am a Special Agent with the Drug Enforcement Administration who has read the contents of the Complaint for Forfeiture In Rem to which this Declaration is attached; and the statements contained in the complaint are true to the best of my knowledge and belief.

I declare under penalty of perjury under the laws of the United States of America that this Declaration is true and correct, except as to matters stated on information and belief, and as to those matters I believe them to be true.

DATED: 06/12/2012

Gerald Maestas, Special Agent
Drug Enforcement Administration